**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DONTARION BRATTON, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:08-CR-125-2-WBH-CCH |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-2060-WBH-CCH |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the

report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED** this 29th day of June, 2011.

```
        _____
        C. CHRISTOPHER HAGY
        UNITED STATES MAGISTRATE JUDGE
```

2

AO 72A
(Rev.8/82)

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DONTARION BRATTON, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:08-CR-125-2-WBH-CCH |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-2060-WBH-CCH |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant Dontarion Bratton has filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Movant seeks to challenge the constitutionality of his sentences, which were imposed on April 2, 2009, following a guilty plea entered in the Northern District of Georgia.

I.   Procedural History

On April 1, 2008, a grand jury in the Northern District of Georgia returned a fourteen-count indictment against Movant and his co-conspirator, which charged them with access device fraud and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 1029(a)(2). (Doc. 1). On September 25, 2008, Movant entered into a guilty plea to Count One of the indictment (access device fraud).

(Doc. 51).¹  The plea agreement contains the following waiver of Movant's appellate and collateral rights ("appellate waiver"):

> 14. LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack his sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that the defendant may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range.  The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of his sentence.

(Doc. 51, Attach. 1 at ¶ 14).

On April 14, 2009, Movant was sentenced to thirty months' imprisonment to be followed by three years of supervised release, restitution in the amount of $144,277.75, and a $100.00 special assessment. (Doc. 66).  Movant filed a timely notice of appeal through trial counsel on April 20, 2009.  (Doc. 71).  On April 23, 2009, this Court apparently appointed Mary Erickson to represent Movant on appeal.²  Ms. Erickson subsequently filed a motion to withdraw as counsel

---

¹ In exchange for his plea, the Government dismissed the remaining counts against Movant.  (Doc. 51, Attach. 1 at 3).

² This appointment is not reflected on the docket.

2

pursuant to *Anders v. California*, 386 U.S. 738 (1967).[3] (*See* Doc. 130). On December 2, 2009, the Eleventh Circuit Court of Appeals found that there were no arguable issues of merit, granted Ms. Erickson's motion to withdraw as counsel, and affirmed Movant's conviction and sentence. (Doc. 130).

In the interim, on May 6, 2009, Anne Marie Fitz – apparently retained by Movant – entered an appearance in this case as counsel for Movant. (Doc. 83). Ms. Fitz filed this § 2255 motion on Movant's behalf on July 29, 2009, while Movant's appeal was still pending. (Doc. 117). In the motion, Movant first claims that the appellate waiver is invalid based on ineffective assistance of trial counsel. Movant also raises claims of ineffective assistance of trial counsel related to trial counsel's conduct at sentencing. (Doc. 117). As to all claims, Movant requests that this Court vacate his sentence.

II.  Standard of Review

Congress enacted § 2255, authorizing convicted criminal defendants to file a motion to correct sentences that violate federal law, with the intention that the statute serve as the primary method of collateral attack on federally-imposed

---

[3] In *Anders*, the Supreme Court held that if counsel determines that an appeal would be wholly frivolous, counsel should notify the appellate court and request to withdraw. *Anders*, 386 U.S. at 744.

3

sentences. *United States v. Jordan*, 915 F.2d 622, 625 (11th Cir. 1990). Pursuant to § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962); *see generally United States v. Hayman*, 342 U.S. 205 (1952).

"To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). As discussed below, Movant's § 2255 motion and the record

4

in these cases conclusively show that he is entitled to no relief in connection with any of his claims. Thus, no evidentiary hearing is required.

III.   Analysis

The Government contends that Movant's claims should not be entertained by this Court because: (1) Movant waived the right to appeal or collaterally attack his sentences under the negotiated plea agreement; (2) Movant has not demonstrated that he entered into his guilty plea or appellate waiver unknowingly or involuntarily; and (3) Movant's claims are procedurally defaulted. The undersigned agrees.

   A.   Movant's Ineffective Assistance of Counsel Claim Fails With Regard to the Appellate Waiver.

Here, the appellate waiver in Movant's plea agreement precludes both direct and collateral review of both his sentence and conviction. An appellate waiver, however, does not bar a § 2255 claim that the movant's plea or the appeal waiver itself was invalid due to the ineffective assistance of counsel. *Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007); *Williams v. United States*, 396 F.3d 1340, 1342 n.2 (11th Cir. 2005). As such, the undersigned must review

5

Movant's claim that counsel was ineffective by inaccurately advising him that the appellate waiver would not prevent him from appealing his sentence.[4]

There is a strong presumption that statements made during the plea colloquy are true. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Anderson*, 384 F. App'x 863, 865 (11th Cir. 2010) ("There is a strong presumption that statements made during a plea colloquy are true."); *accord, United States v. Munguia-Ramirez*, 267 F. App'x 894, 897 (11th Cir. 2008)*; Patel v. United States*, 252 F. App'x 970, 974 (11th Cir. 2007). Where a Movant's claim of ineffective assistance of counsel is in direct conflict with his statements under oath, he has a strong burden to show that his statements under oath were false. *Patel*, 252 F. App'x at 974-75. Movant claims that in entering into the plea agreement with the appellate waiver, he relied on trial counsel's inaccurate advice that he would retain his rights to appeal his sentence. This claim, however, is in direct conflict with his statements during the plea colloquy.

---

[4] While Movant challenges the voluntary nature of the appellate waiver, he does not challenge the validity of the guilty plea itself.

6

Indeed, during the plea colloquy, Movant stated that he had enough time to discuss the case with counsel; that he was satisfied with counsel's performance; that he read, understood, and signed the written plea agreement, and that no one had promised him anything or had otherwise coerced him into pleading guilty. (Doc. 101 at 3, 7). Despite his present self-serving statement that trial counsel told him that the appellate waiver would not prevent him from appealing his sentence, he did not mention this promise during the plea colloquy. Moreover, both the Court and the Assistant District Attorney specifically questioned Movant about the appellate waiver, asking him if he understood that he was giving up his right to appeal and to file collateral relief, and Movant stated that he understood. (*Id.* at 4-5, 10-11).

Movant has not produced any evidence to challenge the veracity of his sworn testimony. Given this sworn testimony, it is manifestly clear from the record that Movant fully understood the significance of the appellate waiver, and his ineffective assistance of counsel claim therefore fails. *See Patel*, 252 F. App'x at 975-76 (rejecting movant's claim that his plea was involuntary because counsel promised him a specific sentence where his claims were contradicted by his sworn testimony during the plea); *see also Govea v. United States*, No. 6:09-cv-137-Orl-

7

19GJK, 2009 WL 4015570 at *6 (M.D. Fla. Nov. 19, 2009) ("[C]ourts may reject a claim that a plea was invalid for ineffective assistance of counsel if such claim is contradicted by a petitioner's statements in the record."). *Compare Williams v. United States*, Nos. 8:11-cv158-T-24-TBM; 8:04-CR-158-T-24-TBM, 2011 WL 322474, at *2 (M.D. Fla. Jan. 31, 2011) (rejecting movant's claim that counsel was ineffective for incorrectly estimating his sentence where such claim was in direct conflict with his sworn testimony during his plea). Consequently, Movant's appellate waiver is valid and enforceable. *See United States v. Steele*, 168 F. App'x 897, 900 (11th Cir. 2006) (finding appellate waiver valid where the court specifically questioned the movant about the waiver provision); *United States v. Montes*, 151 F. App'x 846, 853 (11th Cir. 2005) (finding appellate waiver valid where judge reviewed the waiver with the movant and he agreed that he was freely and voluntarily waiving his right to appeal his sentence); *United States v. Bushert*, 997 F2d 1343, 1350-51 (11th Cir. 1993) ("One of the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'") (citations omitted); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (finding appellate waiver enforceable where the court expressly questioned movant about the specifics of the waiver and

8

determined that he had entered into the written plea agreement, which included the waiver, freely and voluntarily, and where "[t]he plain language of the agreement informed [Movant] that he was waiving a collateral attack on his sentence."). *See also United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) (stating that a waiver is valid if the Government shows that either: "(1) the district court specifically questioned the [movant] about the waiver; or (2) the record makes clear that the [movant] otherwise understood the full significance of the waiver.").

Inasmuch as Movant does not challenge the plea agreement and he voluntarily, intelligently, and knowingly entered into the appellate waiver, such waiver precludes the undersigned from addressing the remaining claims asserted in the § 2255 motion. Indeed, none of those claims concern matters that have any bearing on the validity of the plea agreement or appellate waiver; instead, they allege ineffective assistance of counsel at sentencing. As such, they are precluded by Movant's waiver to seek collateral relief. *See United States v. Riolo*, 398 F. App'x 568, 570-71 (11th Cir. 2010) ("[T]he waiver would prevent [the movant] from raising a claim of ineffective assistance of counsel at sentencing[.] . . ."); *Patel*, 252 F. App'x at 974 ("We have held that a valid appeal waiver precludes § 2255 claims based on ineffective assistance of counsel at sentencing."); *Williams*,

9

396 F.3d at 1342 (holding that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the movant from attempting to attack the sentence in a collateral proceeding through a claim of ineffective assistance of counsel during sentencing); *Vaca-Ortiz v. United States*, 320 F.Supp.2d 1362, 1365-66 (N.D. Ga. 2004) (O'Kelley, J.) (holding a waiver of the right to appeal or mount a collateral attack can serve to bar a subsequent claim of ineffective assistance of counsel during sentencing). Accordingly, this Court cannot review these claims.

      C.     <u>All of Movant's Grounds for Relief are Procedurally Defaulted.</u>

The Government alternatively argues that all of Movant's claims are procedurally defaulted. Generally, a movant must advance an available challenge to his conviction on direct appeal, or else the Court must consider the challenge procedurally barred in a § 2255 proceeding. *Mills v. United States*, 36 F.2d 1052, 1055 (11th Cir. 1994). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule. Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing *Bousley v. United States*, 523 U.S.

10

614, 622 (1998)). "Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Lynn*, 365 F.3d at 1234-35 (quoting *Mills*, 36 F.3d at 1055).

Movant never raised his claims on appeal, and he does not attempt to demonstrate either of the exceptions to the procedural default rule. As such, all of Movant's claims are procedurally defaulted and cannot be considered on the merits.

III. Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Movant Dontarion Bratton's motion to vacate sentence [Doc. 117] be **DENIED**.

IV. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

11

§ 2253(c)(2)."  28 U.S.C. § 2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the § 2255 motion.  *See id.*  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325).  In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Based on the foregoing discussion of Movant's claims, reasonable jurists would not find "debatable or wrong" the undersigned's determination that Movant voluntarily waived his appellate and collateral rights or that all of his claims are procedurally barred. *See Slack*, 529 U.S. at 484.

12

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO ORDERED** this 29th day of June, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)